METROPOLITAN LIFE INSURANCE COMPANY v. MRS. LYDIA LENNOX.

No. 1981. Decided February 2, 1910.

1.—Insurance—Misrepresentations—Question of Fact.

Evidence, in regard to alleged misrepresentations of his age by insured in an application for life insurance, considered and held not to show conclusively that his age was misstated. (Pp. 140–143).

2.—Insurance—Waiver.

Where the beneficiary of a life insurance policy accepted a less amount than its face value, upon a claim by the insurer for a reduction of the amount because of alleged misstatement of his age by the insurer in his application, but with the agreement that if such representations should be subsequently shown to be correct the balance of the amount of the policy would be paid, the trans-

action did not constitute a waiver by the insurer of its right to a reduction of the amount in accordance with the terms of the policy by virtue of such misstatement of his age by insured, though it did not preclude the beneficiary from recovery of the balance, if the proof showed that the age was correctly given.  (Pp. 141–143).

**3.—Supreme Court—Question of Fact.**

Where the Court of Civil Appeals does not find conclusions of fact from the evidence, but certifies the evidence to the Supreme Court for the determination by them of the question whether, under the facts shown thereby, a certain provision of the statute was applicable, the Supreme Court, having no power to determine the facts from the evidence, must decline to answer the question (question as to application of art. 3096eee, Rev. Stats., Act of March 27, 1903, Laws 28th Leg., p. 95).  (P. 143).

**4.—Insurance—Release—Consideration.**

Evidence considered and held not to show conclusively that a valuable consideration was paid for a release executed by the beneficiary of a life insurance policy on payment of less than its face value under a claim by the insurer for reduction of same because of misrepresentation of his age by insured  The beneficiary having signed the release under the belief that she was receiving the full amount due upon the policy and upon the assurance that if the representation as to his age by insured should be found to be correct she would receive the remainder, the matter was thereby left open for adjustment  (Pp. 140–143).

**5.—Insurance—Question of Fact.**

Evidence, as to alleged misrepresentations of his age by insured and as to the effect of the validity of a release of the liability of insurer by the beneficiary upon a receipt of less than the face value of the policy, considered and held to present a question of fact for the decision of the jury not warranting an instruction to return a verdict for defendant.  (Pp. 138–144).

Questions certified from the Court of Civil Appeals for the Fifth District in an appeal from Dallas County.

*Locke & Locke,* for appellant.—The terms of the policy were such as to limit the insurance, in case of an error in age, to the amount which the premium paid would purchase at the true age.  The undisputed evidence showed that. the true age of the insured was 54, and that, at such age, the premium paid would purchase but $796.03 of insurance.

Art. 3096eee, chapter 69, Laws of 1903, relating to defenses based upon misrepresentation in the application, had no bearing upon the case because the answer of the company was not based upon a "misrepresentation made in the application for, or in obtaining or securing" the contract, but upon a stipulation of the policy regulating the amount payable thereunder.  Metropolitan Life Ins. Co. v. Howle, 1900, 62 Ohio St., 204; Barker v. Metropolitan Life Ins. Co., 188 Mass., 542; Hoover v. Mercantile Town Mut. Ins. Co. (Mo. App.), 69 S. W., 42; Connell v. Metropolitan Life Ins. Co., 16 Pa. Super. Ct., 520; Aetna Life Ins. Co. v. Dorney, 68 Ohio St., 151; Prudential Fire Ins. Co. v. Alley, 104 Va., 356; Scottish Union & Nat. Ins. Co. v. Weeks Drug Co., 118 S. W., 1086; Gross v. Colonial Assur. Co., 121 S. W., 571.

The payment, made by the company and accepted by the plaintiff in full settlement of the policy, accompanied by a surrender thereof, constituted a complete bar to the plaintiff's suit.  Pinnel v. Cole, 5

Coke, 117a; Coke on Littleton, 212b; Cumber v. Wane, 1 Strange, 426; Fitch v. Sutton, 5 East, 230; Bagge v. Slade, 3 Bulstrode, 162; Reynolds v. Pinhowe, Cro. Eliz., 429; Johnson v. Astell, 1 Lev., 198; Clayton v. Clark, 21 So., 565, 22 So., 189; Dreyfus & Co. v. Roberts, 87 S. W., 641; Frye v. Hubbell, 68 Atl., 325; Rotan Grocery Co. v. Noble, 36 Texas Civ. App., 226; Powers v. Harris, 42 Texas Civ. App., 252; Shelton v. Jackson, 20 Texas Civ. App., 443; Chicago, M. & St. P. Ry. Co., v. Clark, 178 U. S., 351; Treat v. Price, 66 N. W., 834; Hargroves v. Cooke, 1854, 15 Ga., 321; Bingham v. Browning, 64 N. E., 317; Tanner v. Merrill, Mich., 65 N. W., 664; Nassoiy v. Tomlinson, 42 N. E., 715; City of San Juan v. St. John's Gas Co., 195 U. S., 510; Redmond & Co. v. Atlanta & B. A. L. Ry., 58 S. E., 874; Golden v. Bartlett Illuminating Co., 72 N. W., 622; Storch v. Dewey, 46 Pac., 698; Pollman & Bro. C. & S. Co. v. City of St. Louis, Mo., 47 S. W., 563; Treat v. Price, 66 N. W., 834; Vermont State Bap. Conv. v. Ladd, 4 Atl., 634; Connecticut River Lbr. Co. v. Brown, 35 Atl., 56; Hull v. Johnson, 46 Atl., 182; Fuller v. Kemp, 33 N. E., 1034; U. S. Bobbin & Shuttle Co. v. Thissell, 137 Fed., 1; Ostrander v. Scott, 43 N. E., 1089; Keck v. Hotel Owners' Mut Fire Ins. Co., 56 N. W., 438; Greenlee v. Mosnat, 90 N. W., 338; Bevens v. Dunlap (Ark.), 14 S. W., 769; Talbott v. English, 59 N. E. 857; Chicago, R. I. & Pac. Ry. Co. v. Mills, 69 Pac., 317; Kern Brewing Co. v. Royal Ins. Co., 86 N. W., 338; Andrews v. Stubbs Contracting Co. (Mo. App.), 75 S. W., 178; Perkins v. Headley, 49 Mo. App., 556; Neely v. Thompson, 75 Pac., 117; Missouri & Ill. Coal Co. v. Consolidated Coal Co. (Mo. App.), 105 S. W., 682; Bass Dry Goods Co. v. Roberts Coal Co., 61 S. E., 1134; Powers v. Harris, 42 Texas Civ. App., 250.

The promise of the company was to pay the policy "at its home office, in the city of New York." The settlement took place in the city of Dallas. This circumstance plainly takes the case out of the rule. The exception is as old as the rule itself. Pinnel v. Cole, 5 Coke, 117a; Coke on Littleton, 212b; Fitch v. Sutton, 5 East, 230; Harper v. Graham, 20 Ohio, 106; Ebert v. Johns, 55 Atl., 1064; Jones v. Bullitt, 2 Litt. (Ky.), 49; Smith v. Brown, 3 Hawks (N. C.), 580; Blanchard v. Noyes, 3 N. H., 518; Jones v. Perkins, 29 Miss., 139; Fenwick v. Phillips, 60 Ky., 87; McKenzie v. Culbreth, 66 N. C., 534; Cavaness v. Ross, 33 Ark., 572; Brooks v. White, 2 Met. (Mass.), 283; Rose v. Hall, 26 Conn., 392; Barry v. Goodrich, 98 Mass., 335; 2 Greenleaf on Ev., sec. 28; 2 Wharton on Con., sec. 1002; 2 Story on Con., sec. 1342; 2 Parsons on Con., 619; Bishop on Con., sec. 54.

The statements made by the attending physician and others in the proofs of loss are made outside of court, without opportunity for cross-examination, and largely, also, are matters of opinion unaccompanied by the details. They are all made at the instance of the claimant, and in her behalf. They are self-serving declarations, and, of course, are not evidence of the truth of the declarations themselves. This is abundantly established. Traiser v. Commercial Travelers E. A. Assn., 88 N. E., 901; Hiles v. Hanover F. I. Co., 27 N. W., 348; Browne v. Clay, F. & M. I. Co., 68 Mo., 133; Common-

wealth Ins. Co. v. Sennett, 41 Pa., 161; Neese v. Farmers Ins. Co., 8 N. W., 450; Cascade F. & M. I. Co. v. Journal Pub. Co., 25 Pac., 331; Newmark v. Liverpool & L. F. & L. I. Co., 30 Mo., 160; Baile v. St. Joseph F. & M. I. Co., 73 Mo., 371; Breckinridge v. American Central Ins. Co., 87 Mo., 62; Phoenix Ins. Co. v. Lawrence, 4 Metc., 9; Howard v. City F. I. Co., 4 Denio, 502; Lycoming Ins. Co. v. Schreffler, 42 Pa., 188; Lycoming County Mut. Ins. Co v. Schreffler, 44 Pa., 269; Lycoming F. I. Co. v. Reubin, 79 Ill., 408; Knicker-bocker Ins. Co. v. Gould, 80 Ill., 388; Newton v. Mut. Benefit L. I. Co., Fed. Ca., 10191; Cook v. Standard L. & A. Co., 47 N. W., 568; Southern Ins. Co. & Tr. Co. v. Lewis, 42 Ga., 587; Travelers Ins. Co. v. Sheppard, 12 S. E., 18; Foster v. Fidelity & T. Co., 75 N. W., 69; Fidelity L. I. Co. v. Ficklin, 21 Atl., 680, 23 Atl., 197; People's Acc. Assn. v. Smith, 17 Atl., 605; Lewis v. Burlington Ins. Co., 45 N. W., 749; Lundvick v. Westchester F. I. Co., 104 N. W., 429; Order U. C. T. v. Barnes, 82 Pac., 1099; Cole v. Manchester F. A. Co., 41 Atl., 593; Aetna L. I. Co. v. Kaiser (Ky.), 74 S. W., 203; Travelers Ins. Co. v. Nicklas, 41 Atl., 906; Tucker v. Col. F. I. Co., 51 S. E., 86; Pennsylvania Plate Glass Co. v. Spring Garden Ins. Co., 42 Atl., 138; Continental Cas. Co. v. Colvin, 95 Pac., 565.

*Houston Wood,* for appellee.—The evidence was not undisputed that the insured had understated his age; but the evidence was such that the issue was properly submitted to the jury.

The evidence does not conclusively show that there was a consideration to support the release in evidence; the case was one, that at least should go to the jury. Watkins v. Junker, 4 Texas Civ. App., 626; Helms v. Crane, 4 Texas Civ. App., 89; Franklin Ins. Co. v. Velleneuve, 25 Texas Civ. App., 356, 29 Texas Civ. App., 128; Daugherty v. Herndon, 65 S. W., 891, 27 Texas Civ. App., 125; Bahrenburg v. Conrad Schoop Fruit Co. (Mo.), 107 S. W., 440; Tucker v. Dolan, 8 Am. Rep., 546; Northwestern Life Ins. Co. v. Blasingame, 38 Texas Civ. App., 402; Fire Ins. Association v. Wickham, 141 U. S., 564.

MR. JUSTICE BROWN delivered the opinion of the court.

Certified questions from the Court of Civil Appeals for the Fifth District, as follows:

"This suit was brought by Mrs. Lydia Lennox to recover from Metropolitan Life Insurance Company $203.97 as the balance due on a policy of insurance issued by it in her favor on the life of her husband. She sought to recover also $24.50 for statutory damages and $50 for attorneys' fees. The company defended upon the ground that it had paid her all that the policy promised, there having been an understatement of five years in the age of the insured; and that she had accepted the payment in full settlement of her claim, and had surrendered the policy for cancellation. A request for a peremptory instruction in favor of the company was denied by the court, and the case was submitted generally to the jury. Upon their verdict, a judgment was entered in favor of the plaintiff for $290.40. The company

thereupon appealed the case to this court. The petition alleged the execution by appellant of a policy of insurance for $1,000 and admitted a credit of $796.03 and sought to recover the balance alleged to be due thereon of $203.97. The defendant answered, among other things, as follows: The policy sued upon was issued in pursuance of, upon the faith of, and in consideration of a written and printed application made therefor under date of March 6, 1905, by Samuel D. Lennox and the plaintiff. By a clause appearing upon the face of said policy it was provided that all of the answers and statements contained in said application should constitute warranties, and should be a part of the contract. Said application consists of two parts, designated respectively as parts A and B. Part A constitutes the application proper, and consists of certain printed questions propounded to the said Samuel D. Lennox and the plaintiff and their written answers thereto. Part B consists of statements of the said Samuel D. Lennox to the medical examiner of the defendant. At the foot of Part A of said application, underneath the questions and answers and above the signatures of the said Samuel D. Lennox and the plaintiff, is their agreement (so far as the same is material to this litigation) substantially as follows: 'It is hereby declared, agreed and warranted by the undersigned that the answers and statements contained in the foregoing application .... shall be the basis and become part of the contract of insurance with the Metropolitan Life Insurance Company; that they are full and true and are correctly recorded .... that any false, incorrect or untrue answer .... shall render the policy null and void, and forfeit all payments made thereon.'

"Among the questions and answers contained in part A of said application, and above said agreement and the signatures of the said Samuel D. Lennox and the plaintiff, is the following:

"5.    Date of Birth—Year—Month—Day—Age—Nearest Birthday.
1856— June — 20 — 49

"By reason of said answer the said Samuel D. Lennox and the plaintiff stated and warranted to the defendant that the said Samuel D. Lennox was born on the 20th day of the month of June in the year 1856 and that his age at nearest birthday at the time of said application was forty-nine.

"In reliance upon said answer and statement the policy sued upon was issued by the defendant in consideration of the payment to it of a quarterly premium of ten dollars and forty-three cents on or before the delivery of said policy and of a like amount on or before the 20th day of March, June, September and December, of each and every year during the life of said Samuel D. Lennox. The defendant's premium charges at the time of said application and issuance of said policy were graduated according to the age of the insured, and increased with each added year of age.

"The promise of the defendant to pay the plaintiff, if living, the sum of one thousand dollars upon the receipt and approval by it of proofs of death of the said Samuel D. Lennox was made upon the condition among others which was printed upon the reverse side of said

policy and which was referred to upon its face and expressly made a part thereof, as follows:

" 'Fourth: The company will admit the age of the insured upon satisfactory proof; failing such proof, if the age shall have been understated the amount of insurance or other benefit will not be more than the premium charge will purchase by the company's rates in use at the date hereof for the true age of the insured and absolute proofs of age may be required with proofs of claims hereunder.'

"The insured under said policy referred to in said condition was the said Samuel D. Lennox.

"Upon the death of the said Samuel D. Lennox, the defendant furnished to the plaintiff blank forms upon which to make proofs of her claim under said policy. In said forms inquiries were made and spaces were provided for information with reference to the date of birth and the age at death of the said Samuel D. Lennox; and the plaintiff was required to furnish such information. She did not do so, however. The proofs submitted by her contained merely estimates upon the part of two attending physicians and an undertaker with reference to the age of said Samuel D. Lennox at his death, which estimates varied from fifty to fifty-four years, and were accompanied by the plaintiff's declaration that she did not know the date of his birth.

"The plaintiff having failed and refused to furnish proofs of age, the defendant at its own expense made an investigation in Canada into the family history of the said Samuel D. Lennox and was informed that the date of his birth was June 20, 1851, and that said date appeared in the Family Bible.

"Believing such information to be true, and in fact it was true, the defendant communicated the same to the plaintiff and offered to pay her in full settlement of said policy the sum of seven hundred ninety-six dollars and three cents, which was the amount of insurance that the premium charge on said policy, to wit, the quarterly premium of ten dollars and forty-three cents, would purchase under the premium rates in use by the defendant on the date of said policy, to wit, March 20, 1905, for the true age of the said Samuel D. Lennox, which was fifty-four years. The plaintiff under date of May 14, 1907, accepted said sum, surrendered said policy to the defendant and executed to it an instrument whereby she acknowledged the receipt of said sum and released and discharged the defendant from all claims arising under or by reason of said policy.

"Said settlement was not effected in consideration of the promise of the defendant or defendant's agent to pay the plaintiff any further sum upon any condition whatever. On the contrary, the plaintiff was distinctly informed that if said sum of seven hundred ninety-six dollars and three cents should be accepted by her it should be in full and absolute settlement of all of her claims against the defendant and she accepted it accordingly. It is true that in the course of the negotiations she made inquiry of the defendant's agent as to whether it would pay the balance of the face of the policy if she should afterwards prove to it by the records of Richibucto, which was the birthplace of the

said Samuel D. Lennox, that his age was as it had been stated in the application; but she was informed by said agent that he could not and would not make any promise to that effect as a consideration for her acceptance of the sum offered in full settlement of her claims, but that he was sure that his company as an honorable company would gladly pay the difference if such proofs were presented to it. Said statement upon the part of the defendant's agent was not made as a promise, and did not purport to be such, but was merely a statement of his opinion. After said settlement had been effected and the policy and the plaintiff's receipt in full had been delivered to the defendant, said statement was reported to it and it fully ratified and confirmed the same, and the plaintiff was notified that it would be pleased to consider any authentic information which she might furnish that the age as stated in the application was correct; but no information of any kind was presented by the plaintiff to the defendant at that time and none has ever been presented to it; nor has the good faith of the defendant nor the authenticity of the information obtained by it in Canada ever been denied by the plaintiff. At all times since the death of the said Samuel D. Lennox the defendant has been ready and willing to pay the balance of the face amount of said policy upon any proper and sufficient showing that the age of the said Lennox was as stated in said application; and under the circumstances hereinbefore set forth, it has not failed to pay said policy, or any portion thereof, within the time specified therein after demand made therefor within the meaning of article 3071 of the Revised Statutes of the State of Texas.

"The appellee to this answer filed a general denial and pleaded a waiver by defendant of the provision in the policy as to the age of insured.

"The policy on its face reads:

| | |
|---|---|
| Number | In consideration of the answers and statements contained in the printed and written application for this Policy |
| 373335A, | upon the life of Samuel D. Lennox, of Dallas, State of Texas, hereinafter called the Insured, all of which answers and statements are hereby made warranties and are hereby made part of this contract, and of the payment of |
| Amount | |
| $1000, | the quarter annual premium of Ten Dollars and Forty-three cents on or before the delivery of this Policy, and |
| Age | of a like amount on or before the Twentieth day of March, June, September and December of each and every year |
| 49, | during the life of the Insured, doth hereby agree, subject to the conditions set forth on the reverse side hereof, each |
| ¼ Annual | and all of which are hereby made a part of this contract and are accepted by the Insured and Assured as part |
| Premium | thereof as fully as if herein recited, to pay at its Home Office, in the City of New York, the sum of One Thou- |
| $10.43. | sand Dollars, to Lydia Lennox, wife of the Insured herein called the Assured, if living, otherwise to the legal representatives of the Insured, upon the receipt by the Com- |

pany at its Home Office and its approval of the proofs of the death of the Insured made in the manner, to the extent and upon the blanks required by condition Sixth, and upon the surrender of this Policy.

"On the reverse side are several conditions, among others, the following: 'The company will admit the age of the insured upon satisfactory proof; failing such proof, if the age shall have been understated, the amount of insurance or other benefit will not be more than the premium charge will purchase by the company's rates in use at the date hereof for the true age of the insured; and absolute proofs of age may be required with proofs of claim hereunder.'

"The application for insurance was in writing and dated March 6, 1905, and signed Samuel D. Lennox. The application gave the date of birth of Samuel D. Lennox June 20, 1856, and his age at nearest birthday 49 years.

"Robert L. Lennox, residing at Roxton, New Brunswick, Dominion of Canada, testified that he was a brother of Samuel D. Lennox, that he did not know the year of the birth of Samuel D. Lennox, but that he was about four or five years younger than witness, who was sixty-one years of age. Mrs. H. Wathen testified that she resides in Kent County, New Brunswick, and is a sister of Samuel D. Lennox, that she knew her father and mother kept in a family Bible a record of the dates of the birth of herself and brothers and sisters and such Bible was kept and used by them as authentic record of the family history; that the Bible was not in her possession or control and she does not know whether or not it is in existence; she last saw it twenty-five years ago in the possession of her brother who resided on the homestead formerly owned by her father. H. Wathen of Kent County, New Brunswick, Dominion of Canada, testified that he was sixty-eight years of age and the husband of the witness, Mrs. H. Wathen, whose maiden name was Mary Lennox. He further testified: 'I have in my possession a note book containing a memorandum of the dates of birth of my wife, and of her brothers and sisters. The memorandum was prepared by myself and was copied by me from a record in the family Bible belonging to my wife's family on March 24, A. D. 1880. The said memorandum was prepared by me because the Bible containing the original record was in a very dilapidated condition, and I wished to preserve the record for future use. It was prepared by me from said Bible on March 24, A. D. 1880. The dates of birth contained in said note book are absolutely true and correct copies of the entries of such dates contained in the said family Bible, of which I have testified above. The said note book containing the said memorandum has been kept by me and used by me and my wife's family to refer to through me as a true and authentic record of the Lennox family history. I refuse to attach the said note book containing the said memorandum and have not done so, because I do not wish to let the same go out of my possession, as it contains other private memoranda. I herewith attach a true and carefully prepared copy of all entries in the said note book relating to the birth of my

wife, of her brother, Samuel D. Lennox, and her brother Robert L. Lennox, said copy hereto attached being-marked "A" for identification.'

"The memorandum exhibit 'A' attached gives the date of the birth of Samuel D. Lennox as June 20, 1851. It also gives the date of birth of his brother Robert, April 30, 1846, and William as May 4, 1846, which evidently can not be true in the natural course of events. One of the physicians' certificate to the proofs of death stated his age at time of death as about fifty years and another about fifty-one years. The appellant's medical examiner's report made before the policy was issued, shows that he carefully examined the applicant and he placed his apparent age at forty-nine years, the same as stated by him. The attending physician's statement was that deceased was about fifty years old, and that his apparent age was fifty years. Joe Wills testified that he had been intimately acquainted with Samuel D. Lennox about two or three years at the time of his death and he took him to be about forty-five years old. On cross-examination he shows that this statement was only an estimate or guess. On the question as to whether there was a waiver of the condition pleaded by defendant as to proof of age the plaintiff testified: That about two weeks after her husband's death, she and one Wills went to the office of defendant's agent, in Dallas, to see about collecting the policy. That the agent had the blanks and filled out the blank proofs and during the time asked her the age of her husband when he died; that she was unable to tell him, and so informed him; that the agent filled out the blank himself; that she could not write. That after the agent filled out the blanks he requested her to go before an officer and make affidavit to them, that she the next day went before an officer and made the affidavits, and returned the proofs of age, and did not at that time require her to make proof of age, other than he asked her the age; that nothing was said by the agent about reducing the amount of the policy; that the agent said he would get it through; that he thought she would get it right away; that she never saw the agent any more until on the day she received the check. The date of the proofs was March 28; the date of the check was May 14. Wills testified that he was present when the agent made out the proofs in evidence; he testified substantially as did plaintiff; and, in addition stated that he suggested, as Mrs. Lennox could not then recall the age of her husband, that the agent wait another day, but the agent refused to wait, and insisted on completing the proof then, and the agent said: 'No, we will go ahead and fill this out anyhow, and you can take it to a notary public, and make affidavit to it, and bring it back to me, and I will forward it to the insurance company with special instructions that they immediately return the draft, and I want to collect it just as quick as possible for you.' Wills also testified the agent remarked, at the time the age was being considered, that it was a mere matter of form. The proofs made out by the agent on that day are in the record, and show that her answer to age question was 'don't know.' Upon receiving the check, appellee executed a receipt as follows:

"CLAIMANT'S RECEIPT AND RELEASE.

Amount Paid $796.03.             Policy No. 373335A
                                  Life of Samuel D. Lennox.

In consideration of the sum of Seven Hundred Ninety-six 03-100 Dollars lawful money of the United States, to me in hand paid by the Metropolitan Life Insurance Company, of the City of New York, have remised, released, and forever discharged, and by these presents do, for myself, my heirs, executors, and administrators, remise, release, and forever discharge the said The Metropolitan Life Insurance Company of and from all manner of action and actions, cause and causes of action, suits, debts, judgments, claims and demands whatsoever, in law or in equity, which against the Metropolitan Life Insurance Company I ever had, now have, or which my heirs, executors or administrators hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever, to the day of the date of these presents, and particularly all claims arising under or by reason of the above described policy issued under and governed by the laws and statutes of the State of New York.

"In witness whereof, I have hereunto set my hand and seal the 14th day of May, 1907.

Signed and delivered in the presence of        her
W. Felton,                           Lydia X Lennox (L. S.)
C. L. Applegate.                     mark.

"Plaintiff testified that after she delivered the proofs of the claim to the agent he never had any other communication with her until the day she accepted the check. She received a notice the day before she received the check, from the company, giving the amount due under the policy as $796.03. She could not read it, and called on a neighbor to read it, and he did so. She went next day to the agent's office. She had never been called on to make proof of the age of deceased, but had been assured by the agent that the money would be paid. She called on the agent, and he told her the company had found that her husband had understated his age, and that the company did not owe her but $796.03. She testified: 'When I went down there I asked him if he would explain it to me about the age, and how it was they got it turned around, and why they didn't come to me and let me know. He said it was on account of different ones giving the age in, and me not knowing the age to give in, he said the company had taken the thing in hand and got the age from the record. I asked him if I should accept this money, would it make any difference in my getting the other money; he said it would not make any difference at all; when they got the thing straightened out it would be all right. I did not understand that I was signing it in full. He said he would keep the check or send it back, or he would leave it with me, and he said if he sent it back, he didn't know whether I would get it back without having to go to more trouble and I thought I would take it, because I had two children to take care of, and I thought it would not make any difference, and I signed the receipt.'

"Mr. Applegate, the insurance agent who conducted the whole proceeding testified that: 'In response to her inquiry that in the event the company was not correct in the settlement, and it was proven to the company that the age in the policy was the true one, I told her the company, with the greatest of pleasure would cheerfully pay her the difference. I advised the company when I forwarded the policy and release, that I had settled the claim with Mrs. Lennox, with the understanding that it was in settlement of all her claims under the policy, but that I had stated to her in the event she could prove that the company was mistaken, it would gladly reconsider the matter, and pay her the difference. The company replied that I acted rightly.'

"The appellant presents but one assignment of error, that the court erred in refusing its special charge instructing a verdict for defendant.

"Question 1. Does the evidence conclusively show that Samuel D. Lennox in his application for insurance misstated his age?

"Question 2. Was the evidence sufficient to raise the issue that the appellant company waived the condition of the policy as to the age of the insured and the proof of the same?

"Question 3. Is article 3096eee, chapter 69, Laws of 1903, Sayles' Supp. 1904, p. 292, applicable to the facts of this case, and if so can appellant urge the matters plead by it to defeat a recovery by plaintiff?

"Question 4. Does the evidence conclusively show a consideration for the release?

"Question 5. Did the trial court err in refusing appellant's charge instructing a verdict for defendant?"

Answer to the first question: The evidence does not show *"conclusively"* that Samuel D. Lennox, in his application, misstated his age. If the original record in the family Bible had been produced, it would not have been "conclusive," but might have been controverted and the entry shown to be incorrect. There was evidence that tended to show that the age of Lennox was not understated.

Answer to the second question: The evidence does not show that the insurance company waived the condition of the policy under which it claimed a reduction of the amount which it was obligated to pay, but Mrs. Lennox was not precluded from recovery if the proof showed that the age was correctly given.

Answer to the third question: The Honorable Court of Civil Appeals did not find conclusions of fact from the evidence upon the issue presented in this question, but certified the evidence to this court. We are unable to determine whether the facts, if found from the evidence, would make the statute referred to applicable to this case. We therefore can not answer the question.

Answer to the fourth question: The evidence does not "conclusively" show that there was a valuable consideration paid for the release executed by Mrs. Lennox. If her testimony is true, there certainly was not such consideration. Under the belief that she was receiving the full amount she signed the release and was assured that if the age given in the policy should be found to be correct she would receive the remainder, which left the matter open for adjustment.

Answer to the fifth question: The trial court did not err in refusing to give the charge, instructing the jury to return a verdict

for the defendant. There was sufficient evidence to sustain the verdict. The liability was a question of fact which the law commits to the jury for decision.